**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**LIONEL ERNESTINE**                                                                **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 2:15-CV-23-KS-MTP**

**HI-VAC LLC**                                                        **DEFENDANT**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**      **INTERVENING PLAINTIFF**

**v.**

**LIONEL ERNESTINE and HI-VAC LLC**            **INTERVENING DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion *in Limine* [143] filed by Plaintiff Lionel Ernestine ("Plaintiff"), and the Motion *in Limine* [147] filed by Defendant Hi-Vac LLC ("Defendant"). After considering the submissions of the parties, the record, and the relevant law, the Court finds that Plaintiff's Motion *in Limine* [143] should be granted in part, denied in part, and deferred in part. The Court further finds that Defendant's Motion *in Limine* [147] should be granted.

**I.  DISCUSSION**

    **A.**     **Plaintiff's Motion *in Limine* [143]**

Plaintiff makes multiple arguments for the exclusion of various pieces of evidence. Many of these arguments are broad and made without particularity, leaving the Court to guess what Plaintiff wishes to exclude. The Court will address each of these arguments to the extent that it can.

    **1.**     **Collateral Sources**

Plaintiff requests that the workers' compensation payments made by the intervener, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), be excluded under the collateral source rule,

and that Liberty Mutual's presence in the case be hidden from the jury. Plaintiff also makes a broad request that all collateral sources be kept from the jury.

Under the collateral source rule, "a tort feasor is not entitled to have the damages for which he is liable reduced by proving that an injured party has received compensation from a collateral source wholly independent of the tort feasor." *Preferred Risk Mut. Ins. Co. v. Courtney*, 393 So.2d 1328, 1332 (Miss. 1981). Defendant do not object to the application of the collateral source rule insofar as they recognize that they are not allowed to introduce such evidence for the purpose of reducing their damages. However, they argue that, "should the Plaintiff pursue an anticipated argument regarding his financial difficulties in paying for medical bills" in order to garner undue sympathy from the jury, they should be able to point to collateral sources to impeach such testimony. (Response [150] at p. 11.) They also argue that they should be able to introduce the workers' compensation claim for other purposes, such as to show that "a substantial portion [of] Plaintiff's psychological treatment" is related to the mishandling of this claim rather than Defendant's actions. (*Id.* at p. 10.)

The Court agrees with Plaintiff insomuch as the collateral source rule does apply to prevent Defendant's from introducing evidence of compensation from collateral sources in order to reduce the amount of damages for which they can be found liable, and will **grant** his motion to that extent. However, the motion will be **denied** in that Defendant will be allowed to introduce evidence of collateral sources for other purposes, should they be deemed relevant. Furthermore, because Plaintiff has taken the position that Liberty Mutual must be an active participant in the trial, the Court will **deny** his request that Liberty Mutual's presence as a party be hidden from the jury, as to do so would force Liberty Mutual to participate as an unknown entity/party.

      **2.**     **Unrelated Medical Conditions**

2

Plaintiff argues that Defendant should be precluded from introducing any evidence regarding his past medical history as such evidence is irrelevant under F.R.E. 401 and unduly prejudicial under F.R.E. 403. Defendant counters this argument by stating that the credibility of Plaintiff is an issue in this case and that such evidence should be allowed for impeachment purposes.

Defendant purports to present such evidence as proof of specific instances in the past where Plaintiff has been untruthful about his injuries. Introduction of specific instances of conduct for impeachment purposes is governed by F.R.E. 608(b), which holds that

> extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b). Therefore, if Defendant wishes to cross-examine Plaintiff concerning his past inconsistent pain reporting, they may do so under F.R.E. 608(b). Plaintiff has not shown that the danger of unfair prejudice to him if this type of cross-examination were allowed, would substantially outweigh its probative value, other than to summarily state that it would. Without further support of his F.R.E. 403 argument, the Court will **deny** Plaintiff's motion with regard to this argument, and the Defendant will be allowed to use Plaintiff's past medical history on cross-examination for impeachment purposes. However, they will not be allowed to introduce extrinsic evidence of this history into the record.

3. **Attorney Referral**

Plaintiff contends that any testimony regarding the fact that his attorneys may have referred him to any hospital or doctor be excluded as irrelevant under F.R.E. 401 and unfairly prejudicial under F.R.E. 403. Defendant argues that there is evidence in the record to support the fact that Plaintiff's attorney did in fact refer him to one of his physicians and that this evidence is relevant for impeachment of those physicians' diagnoses. The Court agrees that this evidence is relevant to show bias of Plaintiff's physicians and does not find that this relevance is substantially outweighed by a danger of unfair prejudice to Plaintiff. Therefore, Plaintiff's motion will be **denied** as to this argument.

### 4. Out of Court Medical Opinions

Plaintiff asks the Court to preclude medical records and opinions of non-testifying doctors as improper. Plaintiff relies on *Amiker v. Brakefield*, 73 So.2d 939, for his contention that the opinions of non-testifying physicians should not be used to cross-examine his treating physician. In *Amiker*, as Plaintiff admits, the Mississippi Supreme Court held that this cross-examination was improper as the non-testifying physicians were within the subpoena power of the Court. 73 So.2d at 940. In this case, though, the non-testifying physicians all reside in Louisiana and are beyond the subpoena power of this Court. The reasoning from *Amiker*, then, does not apply.

Furthermore, under F.R.E. 705, Defendant is allowed to cross-examine Plaintiff's experts as to the facts or data used in formulating their opinions. This includes cross-examining on facts or data *not* used in formulating their opinions, such as medical records of other physicians.

The Court will not issue a blanket prohibition on the use of Plaintiff's medical records because Plaintiff classifies them as "opinions," nor will it summarily deem them irrelevant

or unduly prejudicial without first examining them within the context in which they are offered. Therefore, although the Court finds that *Amiker* does not apply to exclude cross-examination using non-testifying physician opinions not within its subpoena, it will **defer** ruling as to the admissibility of the medical records until they are at issue at trial.

### 5. Unproduced Evidence

Plaintiff requests the Court preclude surveillance video and photographs not produced during discovery from being introduced as evidence at trial. Plaintiff makes this request pursuant to Federal Rule of Civil Procedure 37(d), and Defendant raises no argument against it. However, Rule 37(d)(1) requires that the party requesting such a sanction certify that he "in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Plaintiff makes no such certification, and the Court will **defer** ruling on this issue until it is satisfied that the requirements of Rule 37(d) were met.

### 6. Prior Lawsuits, Claims, and Workers' Compensation

Plaintiff asks the Court to preclude any testimony or argument concerning Plaintiff's prior lawsuits, claims, or legal settlements as they are irrelevant under F.R.E. 401 and unfairly prejudicial under F.R.E. 403. Defendant mistakes Plaintiff's argument and counters by stating that they should be allowed to use his past medical history to impeach his testimony. They do not, however, make any argument as to why any litigation in which Plaintiff was involved would be relevant to this case. Finding that such litigation is irrelevant under F.R.E. 401, the Court will **grant** Plaintiff's motion as to this issue. However, this holding should not be construed as to preclude any evidence as to the underlying facts of that litigation, insofar as they are established as relevant for impeachment purposes or otherwise.

### 7. Letter of Protections of Medical Providers

Plaintiff requests the Court preclude evidence relating to any guarantee of payment of any medical expenses out of settlement or judgment in this case. Defendant makes no objection to this preclusion, and the Court finds that such evidence would not be relevant under F.R.E. 401. Plaintiff's motion will therefore be **granted** as to this request.

### 8. Advertisement by Law Firms

Plaintiff asks that the Court exclude any evidence regarding the advertising practices of his attorneys. Defendant makes no argument as to this request, and the Court finds that such evidence would not be relevant under F.R.E. 401. Plaintiff's motion will be **granted** as to this request as well.

### 9. Photographs and Video Evidence

Plaintiff requests that any photographic or video evidence Defendant wishes to introduce as evidence be viewed by the Court outside the presence of the jury in order to determine its admissibility. Plaintiff further asks that the jury not be told this evidence exists unless it is deemed admissible. Finally, Plaintiff argues that any such evidence is inadmissible as irrelevant under F.R.E. 401 and unfairly prejudicial under F.R.E. 403.

Without viewing the photographic or video evidence, it is impossible for the Court to make a ruling as to its inadmissibility under F.R.E. 401 or 403. Therefore, it is appropriate that this ruling be **deferred**.

However, finding no objection by the Defendant and the request to be appropriate, the Court will **grant** Plaintiff's motion in that the admissibility of this type of evidence will be determined outside the jury's presence and without the jury being informed of its existence.

### 10. Improper Motive Arguments

Relying on a South Dakota Supreme Court case, Plaintiff requests the Court preclude Defendant from arguing that he is treating his lawsuit as the equivalent of "playing the lottery." In *Schoon v. Looby*, the South Dakota Supreme Court found that references to "playing 'lotto' or 'powerball' or 'rolling the dice' were only meant to inflame the jury and were beyond the bounds of proper final argument." 670 N.W.2d 885, 891 (S.D. 2003). To the extent Plaintiff wishes the Court to caution Defendant against using such improper inflammatory language in their closing argument, his motion will be **granted**. However, it will be **denied** in that Defendant will not be precluded from properly arguing that Plaintiff's motivation in this suit is opportunistic in nature.

### 11. Hiring of Attorney or Time Period of Hiring

Plaintiff argues that Defendant should be precluded from commenting on the timing of his retainment of legal representation in this case. He claims that the date on which he hired his attorney is privileged and that it is irrelevant. The Court does not find that the date Plaintiff hired his attorney to be a privileged communication, as the date of hiring is not in and of itself privileged information.

Defendant claims that the hiring date of Plaintiff's attorney is relevant because they intend to use it in order to show that he obtained legal advice before receiving an MRI and that his attorney referred him to the physician who ordered the MRI. The Court has already ruled that Defendant will be allowed to introduce evidence that Plaintiff's attorney referred him to his physicians, and that this evidence is relevant under F.R.E. 401 and not unfairly prejudicial under F.R.E. 403. Because the date Plaintiff hired is attorney is simply another piece of this evidence and also does not unfairly prejudice Plaintiff, the Court will **deny** his motion with regards to this issue.

### 12. Prior Criminal Charges and/or Convictions

Plaintiff seeks to have the Court exclude evidence of his prior criminal convictions as improper character evidence under F.R.E. 404(b), as irrelevant under F.R.E. 401, and unfairly prejudicial under F.R.E. 403.

F.R.E. 404(b)(1) makes evidence of crimes, wrongs, or other acts inadmissible in order to show character evidence. However, F.R.E. 404(b)(2) provides that such evidence is admissible for other purposes. In this case, Defendant does not wish to introduce evidence of Plaintiff's crimes in order to show he has acted in compliance with his bad character, but rather to show that his career prospects are limited by his criminal record and that any assessment of his lost future income must take this into account. This is a proper purpose for such evidence under F.R.E. 404, and is relevant to the issue of damages under F.R.E. 401. However, the Court agrees with Plaintiff that the danger of unfair prejudice in allowing such evidence for this purpose does substantially outweigh the probative value the convictions would have with respect to Plaintiff's future income. As such, the motion will be **granted** in that Defendant will not be able to use Plaintiff's convictions for this purpose.

However, Defendant is allowed to use Plaintiff's past criminal convictions to attack his credibility under F.R.E. 609. There are many considerations that go into the Court's analysis with respect to allowing past criminal convictions in for impeachment purposes. Unfortunately, because parties seem to disagree as to the dates of Plaintiff's convictions and releases from confinement, it is difficult for the Court to judge their admissibility under F.R.E. 609(b). The Court will therefore **defer** ruling on the admissibility of these convictions under F.R.E. 609.

Plaintiff also asks that Defendant be precluded from impeaching his witness Paul Mallet, Jr., with a distribution charge on which he was found not guilty. Defendant makes no argument as to the admissibility of this charge, and the Court finds that it is not proper impeachment evidence. Plaintiff's motion will be **granted** with respect to this issue.

### 13. Social Drinker and Tobacco User

Plaintiff, without offering any justification, requests that Defendant be precluded from inquiring into his alcohol and tobacco use. Defendant contends that this evidence is admissible for impeachment purposes to show that Plaintiff repeatedly lied to his treating physicians by telling them he never used such substances. Under F.R.E. 608(b), specific instances of untruthfulness are allowed to be questioned on cross-examination, but extrinsic evidence of these instances is inadmissible. Therefore, Plaintiff's motion will be **granted** in that extrinsic evidence of his alcohol and tobacco use is not admissible, and will be **denied** in that Defendant will be allowed to ask on cross-examination about his alcohol and tobacco use.

### 14. Communications Between Plaintiff Attorney and Expert Witness

Plaintiff requests that Defendant be precluded from introducing evidence of his attorney's communications with his expert witness, Gene Barfield, except to the extent allowed by Federal Rule of Civil Procedure 26(b)(4)(C). To the extent that Plaintiff is merely asking the Court to enforce Rule 26(b)(4)(C), his motion is **granted** as to this issue. This ruling makes no comment on whether any particular piece of evidence is allowed under Rule 26(b)(4)(C), as neither party has brought any specific communication between Plaintiff's attorney and his expert witness to the Court's attention.

### 15. Inadmissible Hearsay

Under this argument, Plaintiff requests the Court to prevent Defendant from referring to inadmissible hearsay in either opening statements or closing arguments. To the extent that it is improper to reference inadmissible evidence of any kind in either opening statements or closing arguments, the Court will **grant** this request. However, the Court stresses that this ruling in no way addresses what is or is not inadmissible hearsay, as that has not been brought before it for consideration.

### 16. Legal Loans

Plaintiff asks the Court to preclude Defendant from referencing any legal loans or monies Plaintiff may have borrowed as they are irrelevant. Defendant counters by admitting they have no such evidence at this time, but that should evidence of these loans be discovered, they would be "relevant and admissible to counter Plaintiff's contentions relative to financial difficulty, stress, inability to afford his bills, and psychological difficulties." (Response [150] at p. 26.) The Court agrees that this evidence would be relevant to rebut Plaintiff's claims and will **deny** Plaintiff's motion as to this issue.

### B.    Defendant's Motion *in Limine* [147]

In his Motion *in Limine* [147], Defendant argues that portions of the expert report of Plaintiff's safety and hazards expert, Gene Barfield, should be excluded and his testimony limited accordingly. Plaintiff filed no timely response to this motion.[1]

Defendant argues that Barfield's report contains numerous improper references to inadmissible hearsay, speculative testimony, lay opinions, and irrelevant conclusions and

---

[1] Pursuant to the Case Management Order [66][89], responses to motions *in limine* are due seven (7) days before the pretrial conference, here set for October 13, 2016. This made Plaintiff's response due by October 6, 2016. Plaintiff did not submit a response [154] until October 11, 2016. As such, it untimely and will not be considered by the Court.

commentary beyond his expertise. While experts are allowed to rely on such inadmissible evidence in their opinion, the proponent of the opinion "may disclose them to the jury *only* if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703 (emphasis added). Finding that such evidence as relied upon in Barfield's report is otherwise inadmissible, the Court finds that Plaintiff, as the proponent of the report, bears the burden of showing that the probative value of its inclusion substantially outweighs its prejudicial effect. By failing to timely respond, Plaintiff has failed to meet this burden.

Therefore, finding that this motion is both meritorious and unopposed, the Court finds that it should be **granted**. Those portions of Barfield's report that detail inadmissible hearsay, speculative testimony, lay opinions, and irrelevant conclusions and commentary beyond his expertise will be excluded from evidence, and Barfield shall be precluded from testifying to as much.

## II.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion *in Limine* [143] is **granted in part, denied in part,** and **deferred in part** as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant's Motion *in Limine* [147] is **granted**.

SO ORDERED AND ADJUDGED this the 12th day of October, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE